## Application of SIGHTSEA TOURS OF FORT LAUDERDALE, Inc.
### No. 8479-CCB.

Florida Public Service Commission.
July 28, 1966.

W. J. Kelley and Rohan Kelley, both of Fort Lauderdale, for the applicant.

C. Graham Carothers, Tallahassee, for Gray Line of Fort Lauderdale, Inc., protestant.

Commissioners JERRY W. CARTER and WILLIAM T. MAYO participated in the disposition of this matter.

BY THE COMMISSION.

By its application filed herein, Sightsea Tours of Fort Lauderdale, Inc., sought authority to operate a sightseeing service from Galt Ocean Mile Hotel, Escape Hotel, Yankee Clipper Hotel and Port Everglades, all in Fort Lauderdale, to Okalee Seminole Indian Reservation, Pioneer City, and Flamingo Groves, all in Broward County and return, with no other intermediate stops, over regular routes and on regular schedules.

On April 26, 1966, the commission gave notice that a public hearing would be held on this application at 2 P.M., Wednesday, May 11, 1966, in Room 272, State Office Building, 1350 N. W.

12th Avenue, Miami. This notice erroneously stated that the transportation service sought to be rendered by applicant was all in Dade County, rather than Broward. Notice to the public, to the above effect, was published in the Miami Review, a Dade County publication.

Subsection (2) of section 323.03, Florida Statutes, reads as follows —

> HEARING AND NOTICES. Upon filing of said application and payment of said fee, the public service commission shall fix a time for hearing said application, which shall not be less than twenty days nor more than sixty days subsequent to the filing of said application, and no application shall be granted or certificate of convenience and necessity issued without a hearing by the commission. *Notice of such hearing shall be given to the applicant and to all motor carriers serving any part of the route proposed to be served by the applicant, and to the mayor or chief magistrate of each city and town in or through which the applicant desires to operate and to the chairman of the board of county commissioners of each county in which the proposed service would be operated, and to the chairman of the state road department. Such notices shall contain a brief summary of the subject matter of the application, the type of service proposed, the territory to be served and any other pertinent facts in connection therewith, and shall be mailed at least fifteen days prior to the date assigned for hearing of such application and shall within such fifteen day period be published by the commission in one or more newspapers of general circulation in the territory proposed to be served.*

As can be seen from the above wording, the notice which the commission is required to give shall state the territory to be served and shall be published by the commission in one or more newspapers stating the territory proposed to be served, and the commissions finds that the clear and specific language therein is mandatory.

Further, in connection therewith, it does not appear from an examination of this docket that the chairman of the board of county commissioners of Broward County, or the chairman of the state road department, nor the mayor of Fort Lauderdale, were given notice of this hearing as required by this statutory provision.

The commission holds that notices should have been published in a Broward County paper, and that the hearing should have been held in Broward County, and that the publication should have correctly cited that the territory to be served was in Broward County.

Section 120.23, Florida Statutes, Part II, Administrative Adjudication Procedure, requires as follows —

*Notice of hearing.* — Parties affected by agency action shall be timely informed by the agency of the time, place, and nature of any hearing; the legal authority and jurisdiction under which the hearing is to be held; and the matters of fact and law asserted. In fixing the time and place for hearings, due regard shall be had for the convenience and necessity of the parties or their representatives. Each agency shall adopt appropriate rules of procedure for notice and hearing.

Commission rule 310-2.51 requires the applicant to file with the commission copies of a brief written statement giving the name of the pleader, his address, his attorney and a description of the nature and extent of the authority sought. Further, said rule continues as follows — ". . . Upon written request, this prepared statement will be served by the commission on such parties as may be interested in, or affected by, the matters involved in said initial pleading, but who at that stage have not become parties of record."

At the hearing held before the commission's examiner on the above date and at said time and place, counsel for protestant, Gray Line of Fort Lauderdale, Inc., moved to dismiss the application on the ground that the notice of hearing issued by the commission on April 26, 1966, "incorrectly states that the places sought to be served as heretofore alluded to by the examiner are in Dade County, Florida, whereas all such points are, in fact, in Broward County, Florida." Movant further stated that the public had not been fully apprised of the correct description of the points sought to be served by the applicant. This motion was referred by the examiner to the commission pursuant to commission rule 310-2.82.

The commission finds that the motion to dismiss the application should be, and the same is hereby, denied for reason that the error complained of is clearly the error of the commission and not that of the applicant, and its rights should not be prejudiced thereby.

Subsequent to the aforesaid hearing the examiner's recommended order was duly served on all the parties. Exceptions have been filed thereto. Motions have since been filed by the applicant to amend its application and for leave to take depositions. The commission finds that no useful purpose will be served at this time by the granting or denying of said motion and/or exceptions and objections thereto, since it is incumbent upon the commission to correct its errors, as hereinbefore set forth, restore this application and the parties to their status quo, set aside the previous public hearing in its entirety, give notice as is required by law and set this cause for hearing de novo.

30

It is therefore ordered — (A) That the motion of the applicant to amend its application is denied. (B) That the motion of the applicant to take depositions is denied. (C) That the public hearing held in this docket on May 11, 1966, in Miami, Florida, is held void and of no effect. (D) That the motion of protestant Gray Line of Fort Lauderdale, Inc. to dismiss the application is denied.

It is further ordered that the commission will cause proper notice of this application to hereafter be given pursuant to the requirements of subsection (2) of section 323.03, Florida Statutes, and the appropriate rules of this commission, and that this application be re-set for hearing de novo at the earliest convenient time in Broward County, Florida, and this application shall be treated henceforth as having been re-filed as of the date of this order.